**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

AMANDA MCCONNELL, for herself and on behalf of those similarly situated,

Plaintiff,

vs.

Case No.:

TZ INSURANCE SOLUTIONS, LLC,
a Foreign Limited Liability Company,

Defendant.
_______________________________________/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMANDA MCCONNELL ("Plaintiff"), for herself and on behalf of those similarly situated, by and through her undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, TZ INSURANCE SOLUTIONS, LLC, ("Defendant" or "TZ INSURANCE"), and in support thereof states as follows:

## INTRODUCTION

1. Defendant employed Plaintiff but failed to pay her all overtime pay required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA").

2. Specifically, Defendant's practice of failing to include commissions paid in the regular rate, when calculating Plaintiff's overtime rate, violates the FLSA.

3. In addition, Defendant's practice of requiring Plaintiff to complete a training course off-the-clock, when such training, if properly counted as "hours worked" would constitute overtime, violates the FLSA.

4. Further, Defendant's practice of retroactively changing commission rates after Plaintiff made commissionable sales, and thereby failing to pay all owed

commissions, breaches Defendant's contractual obligations to Plaintiff, or, in the alternative, constitutes an unjust enrichment to Defendant.

5. Upon information and belief, Defendant engaged in: (1) the failure to pay overtime premiums by failing to include commissions in the regular rate of pay; (2) failure to pay overtime for training time required to be completed off-the-clock; and (3) unlawful retroactive change of commission rates not only with respect to Plaintiff, but also with respect to its other licensed insurance agents, because the calculation of the regular rate, requirement to complete training, and retroactive changes to commission rates were the result of common policies and plans applicable to all of Defendant's licensed insurance agents.

6. Plaintiff brings this action as a collective action under the FLSA to recover unpaid overtime and liquidated damages owed to her and to other hourly and commission-paid licensed insurance agents employed by Defendant in North Carolina and Florida who received commission payments and worked over 40 hours in any workweek covered by the commission payment ("those similarly situated") within the three years preceding the date this Complaint is filed.

7. These similarly situated employees were denied overtime premiums mandated by the FLSA as the result of Defendant's failure to include commissions when calculating the regular rate for purposes of calculating overtime, and failure to pay for compensable training time required to be completed off-the-clock.

8. Plaintiff further brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover commissions unlawfully withheld from her and those similarly situated within the applicable statute of limitations.

## JURISDICTION AND VENUE

9. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, unpaid commissions, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorneys' fees and costs.

10. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §§ 207, 216(b).

11. This Court has supplemental jurisdiction over Plaintiff's breach of contract and unjust enrichment claims pursuant to 28 U.S.C. § 1367(a), because these claims form a part of the same case or controversy and arises out of a common nucleus of operative facts as her FLSA claims.

12. The Court has general personal jurisdiction over Defendant, because Defendant maintains its principal office within this District.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because Defendant's principal place of business is Fort Lee, New Jersey.

## PARTIES

14. At all times material to this action, Plaintiff was, and continues to be, a resident of Hillsborough County, Florida.

15. At all times material to this action, Defendant TZ INSURANCE, was, and continues to be, a Foreign Limited Liability Company.

16. At all times material to this action, Defendant was, and continues to be, engaged in business in Florida, North Carolina, and New Jersey, among other states, with a principal place of business in Bergen County, New Jersey.

17. At all times material hereto, TZ INSURANCE was an "employer" as defined by 29 U.S.C. § 201, et seq.

18. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

19. At all times material to this action, Defendant TZ INSURANCE was, and continues to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendant TZ INSURANCE was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material hereto, Defendant simultaneously operated in multiple states.

22. At all times material to this action, Defendant had numerous employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers and telephones, which were used directly in furtherance of Defendant's commercial activity of running a licensed insurance agency.

**STATEMENT OF FACTS**

23. On March 27, 2023, Defendant hired Plaintiff to work as a licensed insurance agent.

24. Plaintiff was employed by Defendant in this position through May 6, 2025.

25. In this position, Plaintiff was paid an hourly rate, plus commissions.

26. Plaintiff's principal job duty was to sell insurance policies to Defendant's clients.

27. Between her hire and May 6, 2025, in many workweeks, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

28. Plaintiff typically worked forty (40) or more hours within a workweek, throughout her employment.

29. Those similarly situated also worked for Defendant in excess of forty (40) hours within a workweek ("overtime hours").

30. Defendant paid Plaintiff and those similarly situated certain premiums for credited overtime hours worked, but calculated the overtime rate solely based upon Plaintiff's hourly rate of pay.

31. Defendant failed to include Plaintiff's commissions when calculating her regular rate of pay for purposes of calculating the overtime due.

32. Upon information and belief, those similarly situated were subject to this common policy and practice of failure to correctly calculate the regular rate.

33. In addition, Defendant required Plaintiff to complete certain training as a condition of her continued employment.

34. Defendant specifically told Plaintiff that this training would not be compensated, and that Plaintiff must complete the training off-the-clock.

35. Plaintiff was told that if she did not complete the training off-the-clock she would be terminated.

36. Plaintiff completed the training off-the-clock, resulting in overtime hours that were wholly uncompensated, in weeks in which she had already worked forty (40) or more hours, without the addition of such off-the-clock hours.

37. Upon information and belief, those similarly situated were subject to this

common policy and practice of being required to complete mandatory training off-the-clock.

38. Between at least March 27, 2023, May 6, 2025, due to these policies as described in Paragraphs 27-37, Defendant failed to compensate Plaintiff and those similarly situated at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

39. Plaintiff, and those similarly situated, should be compensated at the rate of at least one and one-half times her regular rate of pay for those hours that she worked in excess of forty (40) hours in a workweek, as required by the FLSA.

40. Upon information and belief, the majority of Plaintiff's and the putative collective's pay and time records are in the possession of Defendant.

41. Defendant have violated Title 29 U.S.C. §207 during the three years preceding the Complaint in this matter, in that:

a. Plaintiff and those similarly situated worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant, earning commissions within that time; and

b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate, including commissions, for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

42. Defendant's repeated violations of the FLSA was willful, systemic, and egregious, as evidenced by multiple prior lawsuits against the Defendant TZ

INSURANCE, alleging violations of the FLSA. *See Barry Gonzalez v. TZ Insurance Solutions LLC*, No. 8:13-cv-02098-CEH-E_J (2013) and *Daniel Core v. Trubridge, Inc., TZ Insurance Solutions, LLC, and MG LLC, d/b/a TRANZACT,* No. 5:17-cv-02551-GJL (2017).

43. In fact, the *Core* complaint similarly alleges a failure to include all remuneration, including commissions, in the regular rate of pay.

44. Despite knowledge of their legal obligations under the FLSA, Defendant acted deliberately in failing to properly compensate Plaintiff and those similarly situated the minimum of one and one-half times their rate of pay, including commissions, for all hours worked in excess of forty (40) hours in a workweek.

45. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

46. Defendant hired Plaintiff and those similarly situated to make sales to Defendant's clients.

47. Defendant agreed to pay Plaintiff and those similarly situated commissions on these sales, at an agreed commission rate set forth in a commission schedule.

48. Plaintiff and those similarly situated agreed to these terms.

49. Plaintiff and those similarly situated made sales for Defendant, fulfilling their part of the contract.

50. However, once the sales were made, Defendant retroactively changed the commission rates to avoid payment of all owed commissions.

51. Plaintiff and those similarly situated were damaged by Defendant's breach, in that they have not been paid all the commissions owed to them.

52. In working for Defendant by making sales, Plaintiff and those similarly situated conferred a benefit upon Defendant.

53. Plaintiff and those similarly situated would not have conferred this benefit upon Defendant but for Defendant's promise of payment of commissions at the agreed rate.

54. Defendant knowingly accepted and retained the benefit of their license insurance agents' work.

55. Defendant has been enriched by their licensed insurance agents' work.

56. It would be unjust to allow Defendant to retain the benefit of the work of Plaintiff and those similarly situated without compensating them at the level to which it led them to believe they would be compensated for providing the benefit.

**COLLECTIVE ACTION ALLEGATIONS**

57. Plaintiff and the putative collective members are all licensed insurance agents who worked for Defendant and performed the same or similar job duties as one another in that they sold insurance policies to Defendant's customers.

58. Plaintiff and the putative collective members were subjected to the same pay policies in that the Defendant failed to include their commissions in their regular rates for overtime purposes, and mandated off-the-clock training as a condition of continued employment, during hours that would have been overtime if properly counted as "hours worked."

59. Defendant's uniform methods of payment to Plaintiff and the putative collective members resulted in a violation of the FLSA and a failure to pay Plaintiff and the putative collective members the required overtime wages due.

60. These policies and practices were equally applicable to Plaintiff and the putative collective members.

61. Accordingly, the putative collective members are properly defined as:

> **All current and former hourly licensed insurance sales agents of Defendant, who received a commission payment and worked over 40 hours in any workweek covered by the commission payment in the preceding three years.**

## CLASS ACTION ALLEGATIONS

62. Plaintiff brings this action individually and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure, for a class defined as:

> All licensed insurance agents employed by Defendant in North Carolina in the three years preceding this Complaint, and in Florida in the five years preceding this Complaint who: (1) were promised commissions on their sales based on a set commission schedule; and (2) who were paid commissions at a lower rate than the rate set forth in the commission schedule at the time the sales were made.

63. Upon information and belief, Defendant's policies whereby they retroactively amended the promised commission rates after the work was performed was made as to all licensed insurance agents, such that the persons in the Putative Class identified above are so numerous that joinder of all members is impracticable.

64. Although the precise number of such persons is unknown, upon information and belief, there are over fifty such licensed insurance agents.

65. There are questions of law and fact common to this Putative Class that predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

a. Whether the Defendant's agreement to pay commissions on sales constitutes a contract;

b. Whether Defendant breached contracts with the licensed insurance agents by failing to pay the initially agreed commission rate;

c. Whether Defendant was permitted to retroactively change the commission rate as to sales already made;

d. Whether Plaintiff and the Putative Class have been damaged by Defendant's breach of the contracts;

e. The proper measure of damages sustained by Plaintiff and the Putative Class; and

f. If the agreement to pay commissions at a particular rate was not a contract, whether Defendant was unjustly enriched by the failure to pay commissions at the initially agreed rate.

66. Plaintiff's claims are typical of those of the Putative Class. Plaintiff, like other members of the Putative Class, was subjected to Defendant's actions of retroactively changing the percentage of commission to be paid on a sale after the sale was already made.

67. Plaintiff will fairly and adequately protect the interests of the Putative Class, is committed to seeing that all affected licensed insurance agents are paid the monies owed to them, and has retained counsel experienced in complex class action litigation.

68. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of this litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

69. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the Putative

Class would create a risk of duplicative litigation that might result in inconsistent or varying adjudications.

70. Class certification of the claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Putative Class, thereby making appropriate declaratory and injunctive relief.

71. The Putative Class is also entitled to injunctive relief to end Defendant's common and uniform practice of refusing to compensate its employees all of the commissions promised at the time its employees are induced to make sales on Defendant's behalf.

72. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

73. Defendants' common and uniform commission policies and practices deny the Putative Class the compensation to which they are entitled based on the sales they have made, and this issue predominates over any individual questions. The damages suffered by each individual Putative Class members may be small compared to the expense and burden of individual prosecution of this litigation.

74. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23.

**COUNT I**
**FLSA OVERTIME CLAIM – 29 U.S.C.§ 207**
**Plaintiff for herself and on behalf of those similarly situated against Defendant**

75. Plaintiff re-alleges paragraphs 1 through 45 and 57-61 of the Complaint,

as if fully set forth herein.

76. As part of their position, Plaintiff and those similarly situated earned commissions by making sales.

77. Defendant unlawfully failed to include these earned commissions in calculating their regular rate of pay, which would have resulted in a higher regular rate.

78. However, due to Defendant's unlawful actions, they failed to pay Plaintiff and those similarly situated the proper overtime wages.

79. Defendant further required that training which was mandatory for continued employment be completed off-the-clock, during hours which otherwise would have been overtime hours if properly counted as "hours worked."

80. Plaintiff and those similarly situated were, and are, entitled to be paid the statutory rate of at least one and one-half times their regular rate of pay, including commissions, for those hours worked in excess of forty (40) hours in a workweek.

81. Because of this policy, Defendant violated the FLSA's overtime provisions and, because of this Plaintiff and those similarly situated have not been paid the proper overtime rate for hours worked in excess of forty (40) in a workweek.

82. Based upon information and belief, the licensed insurance agents similarly situated to Plaintiff were not paid proper overtime wage for each hour worked in excess of forty (40) hours in a workweek because they were subject to the same unlawful policies and practices described above to which Plaintiff was subject.

83. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of overtime wages for one or more weeks of work with Defendant.

84. As a result of this common policy, Plaintiff, and those similarly situated, are entitled to receive the difference between the full statutory overtime wage, including commissions, and the overtime wage actually paid to them.

85. Defendant knew or reasonably should have known its conduct violated the FLSA.

86. Plaintiff and those similarly situated are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**
**BREACH OF CONTRACT**
**Plaintiff for herself and on behalf of those similarly situated**

87. Plaintiff re-alleges paragraphs 1 through 24, 46-56, and 62-74 of the Complaint, as if fully set forth herein.

88. Defendant hired Plaintiff and those similarly situated as licensed insurance agents, to make sales to Defendant's clients.

89. Defendant agreed to pay Plaintiff and those similarly situated commissions on these sales, at an agreed commission rate set forth in a commission schedule.

90. Plaintiff and those similarly situated agreed to these terms.

91. Plaintiff and those similarly situated then made sales for Defendant, fulfilling their part of the contract.

92. However, once the sales were made, Defendant retroactively changed the commission rates to avoid payment of all owed commissions.

93. Defendant's failure to pay all owed commissions to Plaintiff and those similarly situated constitutes a breach of the Parties' agreement.

94. Plaintiff and those similarly situated were damaged by Defendant's breach,

in that they have not been paid all the commissions owed to them.

95. As a result of Defendant's actions, Plaintiff and those similarly situated seek to recover damages as a result of the breach.

96. The commissions owed constitute wages.

97. Plaintiff and those similarly situated who worked in Florida are entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

**COUNT III – UNJUST ENRICHMENT**
**(in the alternative)**
**Plaintiff for herself and on behalf of those similarly situated**

98. Plaintiff re-alleges paragraphs 1 through 24, 46-56, and 62-74 of the Complaint, as if fully set forth herein.

99. Plaintiff and the Putative Class performed work for Defendant's benefit.

100. Defendant knowingly accepted the benefits of the work Plaintiff and the Putative Class performed.

101. At the time it accepted Plaintiff and the Putative Class's work, Defendant was aware that Plaintiff and the Putative Class expected to be paid a set percentage for the work performed.

102. Defendant specifically paid to Plaintiff and the Putative Class less than the amount Defendant was aware Plaintiff and the Putative Class expected to be paid at the time the work was performed.

103. Defendant has retained the value of Plaintiff and the Putative Class's work under circumstances rendering such retention unjust.

104. Plaintiff, for herself and on behalf of the Putative Class, seeks the amount of the expected compensation withheld and such other legal and equitable relief this Court

deems just and proper based on Defendant's unlawful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

For herself and on behalf of the Putative Collective, Plaintiff prays for relief as follows:

A. An Order certifying the matter as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b), allowing the collective members 60 days to assert FLSA claims in this Action by filing Consents to Join the Action pursuant to 29 U.S.C. § 216(b);

B. An Order requiring Defendant to provide contact information for members of the class/collective sufficient to send the notice as described above.

C. An Order appointing Plaintiff as the Lead Plaintiff and her counsel as Collective Counsel to represent the interest of the putative collective;

D. An award to Plaintiff and those similarly situated overtime compensation in the amount due to them for time worked on the required CE training in excess of forty (40) hours in a workweek;

E. An award of the difference between the rate of pay and the rate of pay including commissions Defendant used in calculating overtime wages for Plaintiff and those similarly situated;

F. An award of the difference between the commissions Defendant paid out to Plaintiff and those similarly situated and the commissions that they are owed;

G. An award of all economic damages Plaintiff suffered as a result of the retaliatory action taken against her by Defendant, including but not limited to back pay and front pay;

H. An award of all compensatory damages Plaintiff suffered as a result of the retaliatory action taken against her by Defendant;

I. An award of an equal amount as liquidated damages on all amounts awarded under the FLSA;

J. An award of Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

K. An award of Plaintiff pre-judgment interest on any amounts as to which liquidated damages are not awarded;

L. A judgment against Defendant for violating 29 U.S.C. §215(a)(3) and 29 U.S.C. §207; and

M. Any other further relief the Court deems just and proper.

For herself and on behalf of the Putative Rule 23 Class, prays for relief as follows:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 and appointment of Plaintiff and her Counsel to represent the Putative Class;

B. Judgment against Defendants for an amount equal to the Putative Class Representative's and the Putative Class's damages;

C. Declaratory judgment that Defendants' practices violate the law;

D. An order enjoining Defendant from the unlawful practice of altering the rate at which commissions are paid from the rate guaranteed when sale was made;

E. An award of prejudgment interest;

F. An award of attorneys' fees and costs; and

Such further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 25th day of August, 2025.

Respectfully Submitted,

***/s/ Andrew R. Frisch***

Andrew R. Frisch, Esq.
Angeli Murthy, Esq., Pro Hac Vice Forthcoming
Morgan & Morgan, P.A
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: (954) WORKERS
Fax: (954) 327-3016
E-mail: afrisch@forthepeople.com
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*